LMS Acupuncture, P.C., as Assignee of JOHN H. SOSA, Respondent, -
against
New York Central Mutual Fire Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Devin P. Cohen, J.), entered May 16, 2013. The order denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for duly scheduled independent medical examinations (IMEs). In the alternative, defendant sought summary judgment dismissing two claims on the ground of lack of medical necessity and dismissing theportion of each of plaintiff's claims which exceeded the amount permitted by the workers' compensation fee schedule.
While defendant submitted properly sworn statements by the doctor who was scheduled to perform the IMEs, the doctor did not establish that she possessed personal knowledge of the nonappearance of plaintiff's assignor for the IMEs. Therefore, defendant failed to establish its entitlement, as a matter of law, to judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for IMEs (see Bright Med. Supply Co. v IDS Prop. & Cas. Ins. Co., 40 Misc 3d 130[A], 2013 NY Slip Op 51123[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Alrof, Inc. v Safeco Natl. Ins. Co., 39 Misc 3d 130[A], 2013 NY Slip Op 50458[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
In opposition to the branches of defendant's motion seeking summary judgment on the grounds of lack of medical necessity and that the amounts sought exceeded the amounts permitted by the workers' compensation fee schedule, plaintiff submitted affidavits from its owner, which affidavits were sufficient to demonstrate the existence of triable issues of fact.
Accordingly, the order is affirmed.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: June 03, 2016